

# SINNREICH
# KOSAKOFF & MESSINA LLP
ATTORNEYS AT LAW

Jonathan Sinnreich
Partner
JSinnreich@skmlaw.net

September 4, 2012

**Via ECF**

Hon. Leonard D. Wexler, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    Jewish People for the Betterment of
              Westhampton Beach, et al. v.
              The Village of Westhampton Beach, et al.
              CV-12 3760

Dear Judge Wexler:

       We represent plaintiff, Jewish People For The Betterment of Westhampton Beach, Inc., in connection with the above matter (a/k/a "JPOE"). We respectfully submit this letter pursuant to Rule 2.B of your Honor's Individual Rules in response to the letters to the Court by Robert G. Sugarman, Esq., on behalf of the East End Eruv Association, Inc. ("EEEA"), and Erica S. Weisgerber, Esq., on behalf of defendant, Verizon New York Inc. ("Verizon"), both dated August 28, 2012, requesting a pre-motion conference in anticipation of said defendants' proposed motions to dismiss the Complaint.

       JPOE is a not-for-profit corporation supported by over 300 residents of the Villages of West Hampton Beach and Quogue, and the surrounding vicinity, who oppose the proposed establishment of an *eruv* in their neighborhoods on publicly owned property, based on the sincerely held belief that such a permanent establishment of an *eruv* on governmental property would violate their rights to freedom of religion and expression guaranteed under the First Amendment to the United States Constitution.[1]

       JPOE does not object to the pre-trial conference requested by counsel for the EEEA and Verizon, nor does JPOE object to permitting said defendants to proceed with their respective

---

[1] JPOE does not object to the establishment of an *eruv* on private property owned or acquired by EEEA for such purpose, only to the establishment of such an inherently religious object on *public* property.

**Courthouse Plaza**
267 Carleton Avenue, Suite 301 | Central Islip | NY 11722
**Tel:** 631.650.1200 | **Fax:** 631.650.1207
www.skmlaw.net

motions to dismiss. However, JPOE respectfully believes that any such motion would be grossly premature at this time, in the absence of any discovery in this action, and anticipates opposing said motions on said grounds, among others.

Whether viewed under the three factor "*Lemon*" test (*Lemon v. Kurzman*, 403 US 602, 91 S.Ct. 2135 (1971), or the Second Circuit's recent decision in *Galloway v. Town of Greece*, Docket No. 10-3635 (May 17, 2012), the essential legal question raised in this case is whether the permanent establishment of an *eruv* on public property would be understood by an ordinary, reasonably informed observer as conveying the idea that the municipalities involved favor certain religious beliefs. We believe that the facts, once fully developed through discovery, will clearly demonstrate that the proposed establishment of an *eruv* on municipal or other public property would reasonably be so viewed and understood by the average informed observer, and would, therefore, constitute a clear violation of the Establishment Clause. Notably, this issue has never been addressed on the ultimate merits following trial by any federal court, and has never been addressed at all to our knowledge by any federal court in the Second Circuit, including the Second Circuit itself. The two Third Circuit federal cases cited by Mr. Sugarman in his August 28th letter, were both decided at the preliminary injunction stage, and the New York State court decisions are clearly distinguishable, and in our view, grossly inconsistent with current constitutional standards.

JPOE contends that, contrary to defendants' persistent mischaracterization of an eruv as an essentially passive and value-neutral sign post of no religious significance, an *eruv* is in fact inherently a ritualistic symbol of deep religious meaning and significance within the Orthodox Jewish tradition, and that the full depth and extent of the religious nature and significance of *eruvin* has been deliberately concealed and obfuscated by the *eruv's* proponents. Indeed, JPOE believes that the religious doctrine of the *eruv* has been a matter of significant religious controversy among different sects of the Jewish religion since ancient times, and that JPOE's members are fully justified in viewing the threatened establishment of an *eruv* on public property in their communities as a constitutionally impermissible endorsement of one particular side of this long-standing controversy by the municipalities involved.

Accordingly, as stated earlier, we respectfully believe that any motion to dismiss the Complaint would be premature until these essential facts are fully developed by discovery in this action.

With respect to Verizon, JPOE also respectfully submits that the joinder of Verizon as a required party is necessary under Fed.R.Civ.P. 19, given the fact that Verizon has entered into a license agreement with EEEA for the use of its poles for the establishment of the EEEA's proposed *eruv*, and accordingly, the absence of Verizon as a party in this matter could, as a practical matter, impair or impede Verizon's ability to protect its interests herein.


SINNREICH
KOSAKOFF & MESSINA LLP
ATTORNEYS AT LAW

Hon. Leonard D. Wexler, U.S.D.J.
September 4, 2012
Page 3

Finally, JPOE respectfully notes that the essential Establishment Clause issue raised in this action, as described above, also lies at the heart of the two related actions pending before this Court, *East End Eruv Assoc., Inc., et al. v. Village of West Hampton Beach, et al.,* 11-cv-0213 and *Verizon New York Inc. and LIPA v. The Village of Westhampton Beach, et al.,* 11-cv-0252, in both of which actions JPOE has sought leave to intervene as of right for the very purpose of protecting its members' interests described above. JPOE continues to believe that the most efficient manner of allowing JPOE to have its interests heard before this Court on this novel and difficult constitutional issue would be for the Court to grant JPOE leave to intervene as a full party to the related actions and the pending motions therein.

We appreciate the Court's kind attention to this matter.

Respectfully Submitted,

/s/
Jonathan Sinnreich

JS/mlm

ECF: All counsel

